IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DeWAYNE L. SUTTON,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. C2 03-889 |
| | : | |
| v. | : | |
| | : | |
| **BRENDA F. JONES, M.D.,** *et al.*, | : | Magistrate Judge Norah McCann King |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court for consideration of plaintiffs' motion *in limine*. Doc. No. 44. For the reasons that follow, plaintiffs' motion is **DENIED**.

On February 24, 2006, plaintiffs filed *Plaintiffs' Motion to Exclude Admission of Article Entitled Cataract Surgery after Refractive Procedures as Evidence* ("*Plaintiffs' Motion in Limine*"). Doc. No. 44. In that motion, plaintiffs argue that defendants should not be permitted to introduce as evidence an article titled "Cataract Surgery After Refractive Procedures" because it does not meet the admissibility standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Specifically, plaintiffs contend that their expert witness, Thomas R. Friberg, M.D., testified on deposition that the article does not meet the *Daubert* standards because it was not published in a peer-reviewed journal. Additionally, plaintiffs contend that, based on Dr. Friberg's deposition testimony, the article is not relevant.

As the Court understands the dispute, defendants intend to proffer the article as part of plaintiff DeWayne L. Sutton's medical chart because defendant Jones relied on the article in her treatment of Mr. Sutton.  Specifically, the article contains a formula on which Dr. Jones relied in calculating the lens power of a replacement lens inserted in Mr. Sutton's right eye during a surgical procedure performed by defendant Jones.  Plaintiffs apparently expect Dr. Friberg to challenge defendant Jones' reliance on the calculation contained in the article and to attack the expertise of the article's author.

Rule 702 of the Federal Rules of Evidence requires that the trial judge perform a "gatekeeping role" when considering the admissibility of expert testimony.  *Daubert*, 509 U.S. at 597 (1993).  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702.

This Court's gatekeeping role is two-fold.  First, the Court must determine whether the proffered expert testimony is reliable.  *See Daubert*, 509 U.S. at 590.  The reliability assessment focuses on whether the reasoning or methodology underlying the testimony is scientifically valid.  *Id*.  The expert's testimony must be grounded in the methods and procedures of science and must be more than unsupported speculation or subjective belief.  *Id*.  Thus, the proponent of the testimony does not have the burden of proving that it is scientifically correct, but that by a preponderance of the evidence, it is reliable.  *Wellman v. Norfolk & Western Railway Co.*, 98 F. Supp.2d 919, 923 (S.D. Ohio 2000) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3rd Cir.1994)).

"The gatekeeper role, however, is not intended to supplant the adversary system or the role of the jury: 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Wellman*, 98 F. Supp.2d at 924 (citing Daubert, 509 U.S. at 596). "The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Id.*

This Court concludes that Rule 702 and *Daubert* are not determinative of the issue presented in *Plaintiffs' Motion in Limine*. Defendants do not proffer the challenged article as expert evidence or proof that its reasoning or methodology are scientifically valid. Instead, defendant Jones' use of the formula contained in the article at issue is simply a part of the factual predicate of this case. It is apparently uncontroverted that defendant Jones relied on the formula in the article, and indeed, placed the article in Mr. Sutton's medical file. Because defendant Jones relied on the article, the article is indeed relevant.

The evidentiary weight assigned to the article or to the testimony of the parties' experts about Dr. Jones' reliance on the article properly falls within the province of the jury. The article is in Mr. Sutton's medical chart and the Court sees no reason to modify the chart, which unquestionably is relevant to this action. Moreover, if plaintiffs intend to challenge defendant Jones' use of the formula, defendants must be permitted to defend the doctor's treatment choices and judgments.

**WHEREUPON**, in light of the foregoing, *Plaintiffs' Motion in Limine*, Doc. No. 44, is **DENIED**.  The article at issue will be admitted as part of Mr. Sutton's medical file.

February 28, 2006               *s/ Norah McCann King*
Date                            Norah M<sup>c</sup>Cann King
                                United States Magistrate Judge